# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-30712
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN M FERGUSON, also known as Kevin Mercel Ferguson

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50029-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kevin M. Ferguson appeals the district court's denial of his motion to suppress evidence and his sentence imposed following a jury conviction for conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base and possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine powder.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ferguson first argues that his Fourth Amendment rights were violated when he was stopped, detained, and seized without a warrant and without probable cause. He contends that, as a result, any and all evidence seized from and derived from his warrantless arrest and his post-arrest statement should have been suppressed.

Based upon the testimony presented at the hearing on Ferguson's motion to suppress, viewed in the light most favorable to the Government, we conclude that the agents had probable cause to believe that Ferguson was participating in a drug transaction and, hence, to stop the vehicle driven by Ferguson and effect his arrest. *See Illinois v. Gates*, 462 U.S. 213, 237 (1983); *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985). Accordingly, the district court did not err in denying Ferguson's motion to suppress. The judgment of conviction is affirmed.

Ferguson next argues that his sentence is excessive in view of the United States Sentencing Commission's retroactive amendment of U.S.S.G. § 2D1.1 reducing the base offense level for cocaine base by two levels.

Because Ferguson did not challenge the crack-powder disparity or the reasonableness of his sentence in the district court, review is limited to plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Ferguson has not shown that his sentence was procedurally or substantively unreasonable. He has not argued or shown that the district court erred in calculating his guidelines sentencing range at the time of his original sentencing. With a total offense level of 40 and a criminal history category of I,

the applicable guidelines range was 292 to 365 months imprisonment. U.S.S.G., Ch. 5, Pt. A. The district court explained the reasons for the sentence it selected, and there is no suggestion that Ferguson's sentence is based on clearly erroneous sentencing facts. *See Gall v. United States*, 528 S. Ct. 586, 597 (2007). His sentence of 328 months falls in the mid-range of the applicable Sentencing Guidelines and, therefore, is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Ferguson was sentenced on December 11, 2003, before Amendment 706 became effective on November 1, 2007. U.S.S.G., App. C, amend. 706, at 226-31 (Supp. Nov. 1, 2007). In December 2007, the Sentencing Commission determined that the amendment would apply retroactively effective March 3, 2008, so that defendants who were sentenced prior to the effective date of the amendment may seek a reduced sentence pursuant to 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, amend. 713, at 56 (Supp. Mar. 3, 2008). If Ferguson wishes to seek a sentence reduction based on the amendment, such relief should be pursued in the district court in the first instance pursuant to § 3582(c)(2). *See* U.S.S.G. § 1B1.10. We express no opinion on the viability of such relief as it pertains to Ferguson or on the rights to which Ferguson may be entitled in seeking such relief.

AFFIRMED.